S. Samuel Di Falco, S.
In this trustees ’ accounting a question is presented as to the disposition of the remainders of the trusts created by articles Sixth, Ninth and Tenth of the will.
Article Sixth creates a trust of $50,000 for decedent’s niece, Maude Rothschild, and article Ninth a trust in the same amount for decedent’s niece, Lotta Hess Cohn. Each of these articles directed the trustee to ‘ ‘ receive the income thereof and pay the same to my said niece (name) during her life, and on her death, or if she dies before me then on my death, I direct my Trustees to hold Twenty thousand Dollars ($20,000.00) out of the principal of said trust fund in trust for her children then living *346 and who were living at the time of my death, and to dispose of the income and principal of said trust as provided in said Eleventh Article of this will, and to pay the balance of the principal of said trust fund or, if there be no such child to pay the entire principal of such trust fund, to my brother Henry and my sister Kate.”
Article Tenth created a similar trust of $10,000 for testator’s nephew, Edgar A. Hess, with income to him for life but with the entire principal in trust for his children as provided in article Eleventh of the will or, if there he no children, to testator’s brother Henry and sister Kate.
Article Eleventh referred to in each article above reads:
‘ ‘ Eleventh : Wherever in Articles Third, Fourth, Fifth, Sixth, Ninth and Tenth of this will I have directed that an amount shall be held in trust for the children of my nephews and nieces named in said Articles respectively, and that the Trustees should dispose of the income and principal of said respective trusts as provided in Article Eleventh of this will, my Trustees shall in each instance divide said amount into a number of parts equal to the number of children of said respective nephew or niece who were living at the time of the death of such respective nephew or niece and who were also living at the time of my death, and shall hold one of said parts in trust for each of such children and pay the income thereof to such child until such child attains the age of thirty years, whereupon the principal of such part shall be paid to such child, and if any such child should die before attaining- the age of thirty years, then on the death of such child the principal of the part held in trust for him or her shall be paid to his or her issue then living, per stirpes, or if there be no such issue then to his or her brothers and sisters then living and the living issue per stirpes of any brothers and sisters then dead, or if there be no such brothers or sisters or issue of deceased brothers or sisters, then to my brother henry and my sister KATE.”
Article Twentieth has a vital bearing on the disposition of the remainders and reads:
‘ ‘ Twentieth : If my brother henry wollman or my sister kate wollman shall be dead at the time when he or she would, if living, have received any of the bequests provided for in Articles Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, and Thirteenth of this will, then the amounts which such deceased brother or sister would have received, if living, shall be paid to the then living survivor of my said brother and sister.”
*347 The will contains a residuary clause creating a trust under which income is to go to testator’s brother and sister for life and on the death of the survivor the principal is given to a charitable foundation which has been designated by the sister in accordance with the terms of the will.
Testator’s brother Henry predeceased testator and his sister Kate survived him. Henry died on March 13, 1936 and Kate on October 15, 1955.
Edgar A. Hess, the life beneficiary of the trust created by article Tenth died on January 8, 1957, without any children then living and the trustees seek instructions as to the disposition of the principal of this trust.
The life beneficiary of the trust created by article Ninth is about 71 years of age and has no issue. The trustees also seek instructions as to the disposition of the principal on her death.
The life beneficiary of the trust created by article Sixth is also still living and has one living child. Upon the death of said life beneficiary the trustees will be faced with the same problem as to the disposition of the remainder in excess of $20,000 or the entire $50,000 if the conditions for payment of the excepted $20,000 are not operative on the death of the income beneficiary.
The executors of the will of testator’s sister Kate Wollman and persons interested in her residuary estate contend that Kate Wollman took a vested interest in the remainders in question. They argue that the remainder of the trust for Edgar A. Hess established under article Tenth is now payable to Kate Wollman’s estate as she is the only named remainder-man who survived the testator; that the remainder of the trust for Lotta Hess Cohn established under article Ninth will be payable to Kate Wollman’s estate upon the death of Lotta Hess Cohn, leaving no issue and that the remainder of the trust for Maude Kothschild established under article Sixth in excess of $20,000 or the entire remainder of $50,000 if the conditions for the payment of the excepted $20,000 are not operative will be payable to Kate Wollman’s estate.
The William J. Wollman Foundation, designated to receive the residuary estate on the death of the survivor of testator’s brother and sister and the Attorney-G-eneral of the State of New York, as attorney for ultimate and indefinite charitable beneficiaries contend that the remainders in question and as limited above are payable to The William J. Wollman Foundation.
The parties contending that these remainders vested in Kate Wollman ignore the effect of article Twentieth which is specifically applied by the testator to the preceding articles *348 here under consideration or give to it an interpretation which could be adopted only by the narrowest and most technical construction. They claim that this article is applicable only to the contingency of one or the other of the brother and sister of testator predeceasing the primary income beneficiary and the other surviving’ the primary income beneficiary. A reading of article Twentieth nullifies this argument for it provides that if either Henry or Kate Wollman is deceased at the time when he or she would, if living, have received any of these bequests they ‘ ‘ shall be paid to the then living survivor of my said brother and sister.”
Obviously the testator required that the survivor of the brother and sister be also surviving at the time of the distribution of the remainder interests of these trusts in order to receive any of the principal. On the failure of either of them to so survive the remainder provisions for their benefit lapsed and pass to the residuary beneficiary of the will, The William J. Wollman Foundation. He directed not that these remainders be paid to “ the survivor ” but to “ the then living survivor ”.
A reading of the entire will indicates that testator was concerned that the bulk of his large estate be used for public charitable, educational or scientific uses and purposes after ample provision for his brother and sister by giving them the income of the residuary estate for life. The gifts here in issue were relatively insignificant and the articles in which they are included all stress the intention of the testator that they were to be entirely inoperative and ineffective unless the nieces and nephew or a child of theirs should survive the testator. If none such did survive the bequest would fall into the residuary trust. In like manner article Twentieth required the brother or sister to survive the time of distribution of the remainders in order to share therein. The failure of either to so survive likewise compels a determination that the remainders were inoperative and ineffective and fall into the residuary estate and are payable to The William J. Wollman Memorial.
There is no indication in the will that testator had any intention of having the remainders in question distributed pursuant to the will of his sister rather than his own.
An incidental question is raised by the petition with respect to article Sixth which so far as pertinent is set out above. The principal greatly exceeds the original • $50,000 and trustees claim uncertainty as to whether the exact sum of $20,000 thereof would be allocable to the children surviving Maude Bothschild on her death or whether two fifths of the then value of the principal of said fund would be so allocable.
*349 Testator was a stock broker and he knew that the value of securities varies from time to time and that at the termination of any of these trusts the principal might be greater or less than at their creation. He did not, however, provide that a fraction or a percentage of the remainder be held in a further trust but specified a definite amount. Hiving him credit for the ability to specify a fractional share, a percentage of the fund or a definite amount we must conclude that when he selected a definite amount of $20,000 that was what he intended, no more or less, and the court so holds.
Submit decree on notice settling the account and construing the will accordingly.